A. R. CALVELLI, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

IRMA M. CALVELLI, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 101618, 101619. Promulgated December 4, 1940.

*Philip G. Sheehy, Esq.*, for the petitioners.
*Arthur L. Murray, Esq.*, for the respondent.

**8**

OPINION.

STERNHAGEN: 1. The first contention made by the petitioner is that the Commissioner erred in his determination that the gains derived from the sale of the lots in the subdivided tract were ordinary gains and not capital gains, Revenue Act of 1936, section 117 (b), the amount of which is taxable to the extent of 60 percent, section 117 (a). The evidence establishes that the petitioner bought this property for the purpose of subdividing it into lots and selling the lots and the finding has been made in the language of the statute. There is, in our opinion, no escape from the finding. It must be said here, as it was in *Julius Goodman*, 40 B. T. A. 22, 25, "the petitioners have established that they bought this property * * * for subdivision and sale in lots to customers as they could be found." It does not detract from the finding that the petitioner's greater interest was in building the houses. Both were parts of his business. Indeed he sold one of the lots and did not build a house on it. The Commissioner's determination is sustained.

2. On one of the lots petitioner built a house primarily as an exhibition house as a sample of his building. He and his wife have occupied it since as a residence. Petitioner contends that he has the right to a deduction of $342.53 (3 percent of the cost of $11,417.83) for depreciation of the house. The depreciation deduction of the statute is "a reasonable allowance for exhaustion, wear and tear of property used in the trade or business." The use of the house was twofold—as a residence and as a business sample and office. If it were solely the latter, depreciation would be allowable. *Simons Brick Co.*, 14 B. T. A. 878; affd., 45 Fed. (2d) 57; certiorari denied, 283 U. S. 834. If it were solely the former it would not. "No such allowance may be made in respect of * * * a building used by the taxpayer solely as his residence." Regulations 94, art. 23 (1)–2; Paul and Mertens, Law of Federal Income Taxation, §§ 20.12, 20.54. If the extent of business use were substantial and appeared in the evidence there might be a question of a proper apportionment and a resulting proportionate deduction. Cf. *Robert H. Montgomery*, 37

B. T. A. 232. The evidence, however, does not provide any basis for such apportionment but rather indicates a comparatively slight use of the house for business—too slight to provide a mathematical factor to measure depreciation. There is nothing from which one could infer whether any particular part of the house was an office, and if that were the fact it would have been easy for the petitioner to prove it. It appears only that he regarded the house as more than he and his wife could afford, and he showed it to prospective lot buyers. *Simons Brick Co., supra,* is inapposite, for there it was held that a house built by a corporation for business purposes is no less subject to a depreciation deduction because it is sometimes occupied by one or more of the corporation's officers. The Commissioner's determination is sustained.

3. The petitioner demands a depreciation deduction upon the house sold to Minardi in 1932 and taken back in 1933 after the purchaser's default in payments. The issue is the proper basis for the depreciation; the petitioner claims a basis of the original cost of construction of the house before its sale in 1932, which is shown to be not less than $5,800. The gross sales price in 1932 was $7,900, of which $400 was paid down and $320.83 was an installment payment. Its value when reacquired is not shown.

How this transaction has been treated for income tax purposes in its several stages does not appear. The petitioner suggests that the $320.83 may have been rent, but the evidence shows that the house was sold. Thus the gain upon the sale was taxable on the installment basis. The original sale and the reacquisition were two separate transactions. *Jacob M. Dickinson, Jr., et al., Executors,* 18 B. T. A. 790. If there was gain to petitioner in the disposition in 1933 of the installment rights which he presumably held, as of purchase money notes, the basis of depreciation of the reacquired house would have been the same figure of value as measured the gain. Without this data it can not be said from the evidence of only original cost, sale price, default, and reacquisition that the Commissioner's basis of depreciation was incorrect.

The determination is sustained.

*Decision will be entered for the respondent.*